## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Bryan Blocker,                                            Civ. No. 18-542 (JRT/BRT)

      Petitioner,

v.                                                        **REPORT AND RECOMMENDATION**

Eddie Miles, Warden, MCF-Stillwater,

      Respondent.

Bryan Blocker, Petitioner, *pro se*.

Anna Light, Esq., Assistant Dakota County Attorney, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

    Petitioner Bryan Blocker has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1, Pet.) Petitioner moves to stay these proceedings so he can exhaust one of his claims in state court. (Doc. No. 2.) For the reasons stated below, this Court recommends that Petitioner's motion to stay be denied.

    Federal district courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). District courts can, however, utilize a "stay-and-abeyance" procedure. *Id.* "Under this procedure, rather than dismiss the mixed petition . . . , a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted

claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275–76. This procedure arose as a way to deal with the "interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement," whereby "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275.

The Supreme Court in *Rhines* cautioned that this procedure, "if employed too frequently, has the potential to undermine" the "twin purposes" of AEDPA to "reduce delays in the execution of state and federal criminal sentences" and to "encourage[] petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a 'properly filed application for State post-conviction or other collateral review' is pending." *Id.* at 276 (quoting 28 U.S.C. § 2244(d)(2)). Thus, the Court instructed that the procedure should only be used if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In his motion, Petitioner explains that he "has not fully exhausted his claims of ineffective assistance of his trial and appellate counsels." (Doc. No. 2 at 1.) While there is no indication that Petitioner is engaging in dilatory litigation tactics, Petitioner has not established good cause for his failure to exhaust or that his unexhausted claims are potentially meritorious. Therefore, the request for a stay should be denied.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Motion for a Stay (Doc. No. 2) be **DENIED**; and

2. Petitioner be allowed to delete his unexhausted claims and proceed with his exhausted claims.

Date: June 25, 2018.

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.