# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| BRYAN NMN BLOCKER, | |
| Petitioner, | Civil No. 18-542 (JRT/BRT) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| EDDIE MILES, Warden, MCF – Stillwater, | |
| Respondent. | |

Bryan NMN Blocker, Reg. No. 247428, Minnesota Correctional Facility – Stillwater, 907 Pickett Street North, Bayport, MN 55003, *pro se* petitioner.

Anna Light and Kathryn M. Keena, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway 55, Hastings, MN 55033, and Edwin W. Stockmeyer, III, and Matthew Frank, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for defendant.

On February 23, 2018, Petitioner Bryan Blocker filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., Feb. 23, 2018, Docket No. 1.) Blocker concurrently moved to temporarily stay proceedings so that he could exhaust one of his claims in state court. (Mot. for Temp. Stay, Feb. 23, 2018, Docket No. 2.) United States Magistrate Judge Becky R. Thorson issued a Report and Recommendation ("R&R") recommending that the Court deny Blocker's motion to stay, allow him to delete his unexhausted claims, and allow him to proceed with his exhausted claims. (R&R at 3, June 25, 2018, Docket No. 13.) Blocker objects. (Objs., July 11, 2018, Docket No. 14.)

Because Blocker has not established good cause for his failure to exhaust and has not shown that his unexhausted claims are potentially meritorious, the Court will overrule his objections, adopt the R&R, and deny his motion to stay.

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). To be proper, the objections must specifically identify the portions of the R&R to which the party objects and explain the basis for the objections. *Turner v. Minnesota*, No. 16-3962, 2017 WL 5513629, at *1 (D. Minn. Nov. 17, 2017). Blocker timely filed objections that specifically identify the portions of the R&R to which he objects, and he explains the reasons for his objections. As such, the Court will review the objected-to portions of the R&R de novo.

### II. STAY-AND-ABEYANCE PROCEDURE

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Habeas petitions that mix exhausted and unexhausted claims may not be adjudicated by federal district courts. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005).

However, courts may stay mixed petitions and hold them in abeyance while a petitioner returns to state court to exhaust previously unexhausted claims. *Id*. at 275-77. This "stay-and-abeyance" procedure avoids the risk that a petitioner forever loses the opportunity for federal review of the unexhausted claims due to AEDPA's 1-year statute of limitations. *Id*. Nevertheless, this procedure may only be used if "the petitioner had good cause for his failure to exhaust, [the] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. Where stay and abeyance are not appropriate, district courts should allow petitioners to delete their unexhausted claims and proceed with the exhausted claims. *Id*.

### III.  BLOCKER'S OBJECTIONS

Blocker first argues that the R&R mischaracterizes his motion to stay as a dilatory litigation tactic. On the contrary, the R&R noted that "there is **no** indication that Petitioner is engaging in dilatory litigation tactics." (R&R at 2 (emphasis added).) Blocker's objection misunderstands the R&R's analysis; thus, the Court will overrule this objection.

Blocker next objects to the R&R's recommendation that he be allowed to delete the unexhausted claims and proceed with the exhausted claims. Blocker's basis for this objection revolves mostly around his status as a pro se party.[1] The Court is sympathetic to Blocker's situation; however, Blocker has not provided any basis upon which the Court can find that he had good cause for failing to exhaust his claims or that the unexhausted claims are potentially meritorious, as required by Supreme Court precedent.

---

[1] The Court notes that Blocker has not filed a motion to appoint counsel.

As to good cause, the only explanation Blocker gives is that he does not have the assistance of counsel. But beyond alleging that his status as a pro se petitioner makes litigation slower and more difficult, Blocker has not explained how this lack of assistance has kept him from exhausting his claim. He does not allege that he missed a deadline or that he sought appointment of counsel but was denied.

Even if Blocker could demonstrate good cause, he has not demonstrated that his unexhausted claims are meritorious. The Court liberally construes documents filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But in this case, there is nothing to construe. Neither Blocker's petition nor his objections to the R&R allege any facts to support a claim for ineffective assistance of counsel. *See Bracken v. Dormire*, 247 F.3d 699, 703 (8th Cir. 2001) ("This is not a case where the petitioner inartfully raised factual issues that implicated legal propositions that he could not reasonably be held responsible for articulating."). As such, the Court must overrule Blocker's objections and adopt the R&R.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, Blocker's Objections to the R&R [Docket No. 14] are **OVERRULED** and the R&R [Docket No. 13] is **ADOPTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for a Stay [Docket No. 2] is **DENIED**.

2. Petitioner is afforded leave to amend his petition to delete the unexhausted claims.

DATED: August 2, 2018                       _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                                            Chief Judge
                                                   United States District Court