UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Bryan Blocker, | Civil No. 18-0542 (JRT/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Eddie Miles, Warden MCF-Stillwater, | |
| Respondent. | |

---

Petitioner Bryan Blocker, a Minnesota state prisoner, filed a petition for a writ of habeas corpus in February 2018 challenging the validity of his conviction. *See* 28 U.S.C. § 2254. By his own admission, Blocker had not yet exhausted claims of ineffective assistance of counsel and appellate counsel raised in the habeas corpus petition. (*See* Doc. No. 1, Petition 7.) Federal district courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)); *accord* 28 U.S.C. § 2254(b). By filing a petition that included a clearly unexhausted claim, Blocker had filed a "mixed petition" of the kind described by *Rhines*.[1]

Blocker therefore requested a stay of these proceedings pursuant to *Rhines* in order to return to state court, present his unexhausted claims, and then proceed with this

---

[1]   It is not altogether clear that Blocker has exhausted the *other* ground (a due-process claim) raised in his habeas corpus petition, either. The Court assumes, for purposes of this Report and Recommendation, that the claim is exhausted. This Court's recommendation of dismissal without prejudice applies in either event.

1

petition. The Court denied his request. Blocker did not show good cause for the imposition of a stay under *Rhines*, and he could (and still may[2]) prosecute his claims in state court without prejudice to his rights to later seek federal habeas corpus relief in a future habeas action, even in the absence of a *Rhines* stay. (*See* Doc. No. 13, Report and Recommendation; Doc. No. 17, Order adopting Report and Recommendation.)

Over a month after Blocker's request for a *Rhines* stay was rejected, and over six months after Blocker filed his habeas petition, this matter remains at square one. Before this Court is a mixed petition stating both exhausted and unexhausted claims. Blocker cannot prosecute such a petition. He *may* voluntarily dismiss his unexhausted ineffective-assistance claims, thereby likely forfeit the ability to ever present those claims on federal habeas review, *see* 28 U.S.C. § 2244(b), and proceed with his exhausted claim alone, but Blocker has evinced no willingness to do so. Accordingly, the only remaining alternative available to this Court is dismissal of Blocker's *entire* petition without prejudice. *See Lundy*, 455 U.S. at 518 – 20. Blocker may return to federal court, if necessary, after the conclusion of state post-conviction proceedings to prosecute any claim fairly presented to the Minnesota Supreme Court and not otherwise barred, procedurally or otherwise.

---

[2] The limitations period for Blocker to seek federal habeas corpus relief is stayed during the pendency of state post-conviction proceedings related to the judgment at issue. *See* 28 U.S.C. § 2244(d)(2). Blocker is therefore encouraged to commence any such proceedings without delay.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that the petition for a writ of habeas corpus of petitioner Bryan Blocker (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to fully exhaust state remedies.

Dated: September 10, 2018                    *s/ Becky R. Thorson*
                                             BECKY R. THORSON
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).